IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| TROY ENGLERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:15-cv-303-GBL-MSN |
| ) | |
| NATIONSTAR MORTGAGE, INC., ) | |
| VIRGINIA NATIONSTAR MORTGAGE, ) | |
| LLC and NATIONSTAR HOME EQUITY ) | |
| LOAN 2009-A REO LLC, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Defendants Nationstar Mortgage, Inc., Virginia Nationstar Mortgage, LLC, and Nationstar Home Equity Loan 2009-A REO LLC's (collectively "Defendants" and "Nationstar") Motion for Summary Judgment on Counts I, II, and III (Doc. 26) and Plaintiff Troy Englert's ("Plaintiff") Motion for Summary Judgment on Counts I and II (Doc. 25). This case concerns several claims arising from a dispute about Plaintiff's mortgage and insurance coverage for a residential property in Alexandria, Virginia. Plaintiff asserts claims of breach of contract (Counts I and II), defamation (Count III), and a violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e) (Count IV). There are two issues before the Court. First, whether contractual obligations exist between Plaintiff and Defendant such that Defendant could be found liable under Count I and II for breach of contract. Second, whether Defendants are entitled to summary judgment on Count III because the Fair Credit Reporting Act ("FCRA") preempts Plaintiff's defamation claim.

The Court GRANTS Defendants' Motion for Summary Judgment on Count I and II, and DENIES Plaintiff's Motion for Summary Judgment on Count I and II, because the Court finds as a matter of law that the "Notice of Assignment" only assigned Defendants an obligation to service Plaintiff's mortgage loan and that Plaintiff has failed to present evidence of contractual obligations that could give rise to Defendants' liability for breach of contract under Plaintiff's claims. The Court GRANTS Defendants' Motion for Summary Judgment on Count III because Plaintiff cannot carry his burden to establish that Defendant acted with "malice or a willful intent to injure," and therefore Plaintiff's defamation claim is preempted by the FCRA.

## I. BACKGROUND

On or about September 1999, Plaintiff purchased a residential property on Dominion Mill Drive in Alexandria, Virginia ("the property"). (Doc. 1-1, at 4). On April 1, 2005, Plaintiff refinanced the mortgage with lender First Horizon Home Loan Corporation ("First Horizon"). Plaintiff and First Horizon signed a Note providing that Plaintiff will make a payment of $2,515.63 on the first day of each month; if Plaintiff "does not pay the full amount of the monthly payment on the date it is due, [Plaintiff] will be in default"; and "if the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, [Plaintiff] will pay a late charge [5% of the unpaid amount] to the Note Holder." (Doc. 25-16, at 16-21). On the same day, Plaintiff and First Horizon signed a "Deed of Trust," which provides that First Horizon may change the loan servicer for the Note. (Doc. 25-16, at 22-36). It also provides that First Horizon may sell the Note without prior notice to Plaintiff and the subsequent Note Holder may change the loan servicer. (*Id.*).

2

On July 26, 2011, Nationstar notified Plaintiff that it would begin servicing the loan effective August 16, 2011 and that he should make payments at Nationstar's website or mail payments to Nationstar's address in Dallas, Texas. (Doc. 27-5, at 2). As early as January 2013, Plaintiff received several communications from Nationstar (Doc. 25-4, at 1; Doc. 25-5, at 2) and he began addressing checks to either "First Horizon/ Nationstar Mortgage" or "Nationstar Mortgage." (Doc. 32-3, at 4-27).

Plaintiff sent a check dated February 11, 2013 to "First Horizon/ Nationstar Mortgage LLC." (Doc. 32-3, at 5). Nationstar debited the check from Plaintiff's bank account on February 22, 2013, assessed a late charge, and marked him as delinquent. (Doc. 1-1, at 13). Plaintiff repeatedly asked Nationstar to remove the late charge and his delinquency. (Doc. 1-1, at 4-5). Plaintiff then notified Nationstar that he was not going to make any further payments until it amended his account. (Doc. 1-1 at 5). By his own admission, Plaintiff did not make mortgage payments in the months of April, May, or June 2013. (Doc. 25-7, at 2). In July 2013, Plaintiff retained counsel and, at counsel's advice, made the missed payments to Nationstar. (Doc.1-1 at 5; Doc. 25-7, at 2).

The mortgage loan agreement also required Plaintiff to maintain homeowner's insurance on the property. (Doc. 27-3 at 7). Plaintiff alleges that throughout the duration of the mortgage agreement, he maintained adequate homeowners insurance on the property and notified Nationstar of such. (Doc. 1-1 at 5; Doc. 25-13 at 2-17). However, "on several occasions" Nationstar allegedly "unilaterally issued 'forced placement' insurance on the property and attempted to charge [Plaintiff] exorbitant sums for the additional insurance." (Doc. 1-1 at 6).

3

As Plaintiff and Nationstar's dispute was ongoing, on May 24, 2013, First Horizon (the original lender) transferred Plaintiff's loan to the Bank of New York ("BONY"). (Doc. 27-4 at 2).

Plaintiff also alleges that at some point during his dispute with Nationstar, he or his holding company ENG Import Group unsuccessfully sought financing to purchase a property in Alexandria, Virginia. (Doc. 1-1 at 5). Plaintiff, on behalf of ENG Import Group, had signed a lease agreement with an option to purchase the property in November 2011. (Doc. 30-14, at 2-17). However, he argues that his credit rating deteriorated because Nationstar provided negative information about his mortgage account to credit reporting agencies. (*Id.*). He argues that as a result, at some later date, he was unable to secure financing to purchase the property. (*Id.*).

**Procedural History**

On February 4, 2014, Plaintiff filed an action alleging two counts of breach of contract, one count of defamation, and one violation of RESPA, 12 U.S.C. § 2605(e), naming as Defendants Nationstar Mortgage, Inc.; Virginia Homestar Mortgage, LLC; and Nationstar Home Equity Loan 2009-A Rec LLC. (Doc. 1-1 at 3, 7-10). Plaintiff filed his action in the Circuit Court for the City of Alexandria, Virginia. (Doc. 1-1 at 3). On March 6, 2015, Nationstar removed the action to the U.S. District Court for the Eastern District of Virginia, Alexandria Division. (Doc. 1, at 1).

On September 30, 2015, Plaintiff filed a Motion for Partial Summary Judgment on Counts I and II. (Doc. 24). Specifically, Plaintiff asks the Court to determine that Nationstar is liable for Count I (breach of contract for failing to credit payments to his account) and Count II (breach of contract for purchasing forced place insurance for Plaintiff's property at his expense). (Doc. 25). On October 7, 2015, Nationstar filed its own Motion for Summary Judgment on

Counts I, II, and III. (Doc. 27). Nationstar contends that it does not owe contractual obligations to Plaintiff and that Plaintiff's defamation claim fails because it is preempted by the FCRA. (*Id.*). Plaintiff and Defendant's motions are now properly before the Court.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, the Court must grant summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-48.

A "material fact" is a fact that might affect the outcome of a party's case. *Id.* at 248; *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248; *Hooven-Lewis v. Caldera*, 249 F.3d 259, 265 (4th Cir. 2001). A "genuine" issue concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the non-moving party's favor. *Anderson*, 477 U.S. at 248. Rule 56(e) requires the non-moving party to go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on

file, designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

## III. ANALYSIS

### A. Breach of Contract (Counts I and II)

The Court grants Defendants' Motion for Summary Judgment on Count I and II, and denies Plaintiff's Motion for Summary Judgment on Count I and II, because the Court finds as a matter of law that the "Notice of Assignment" only assigned Defendants an obligation to service Plaintiff's mortgage loan but created no contractual obligations that give rise to liability for breach of contract under Plaintiff's claims.

Under Virginia law, in order to prevail on a breach of contract claim, a plaintiff must prove three elements by a preponderance of the evidence: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Central Telephone Co. of Virginia v. Sprint Communications Co. of Virginia, Inc.*, 759 F. Supp. 2d 789, 797-98 (E.D. Va. 2011) (citing *Filak v. George*, 267 Va. 612, 619 (2004)). The existence of a legally enforceable obligation is a question of law, not fact. *Filak*, 267 Va. at 619. Virginia law recognizes that a note and deed of trust constitute a legally enforceable contract, which imposes obligations on the lender and the borrower. *Mathews v. PHH Mortg. Corp.*, 283 Va. 723, 732 (2012). Although the parties do not cite Virginia case law indicating whether a *loan servicer* may have contractual obligations to the mortgagor, in other jurisdictions "[a] significant majority of courts have concluded that loan servicers are not in privity of contract with mortgagors where the servicers did not sign a contract with the mortgagors or expressly assume liability." *Mazzei v. Money Store*, 308 F.R.D. 92, 109 (S.D.N.Y. May 29, 2015). Those courts have consistently found that

"a servicer is not *automatically* in privity with a borrower where the servicer was not also the original lender." *Id.* Rather, a borrower suing a loan servicer for breach of contract must establish their relationship and that the lender validly assigned some or all of its contractual obligations to the loan servicer. *Id.*

In the present case, Plaintiff has failed to establish that the original lender, First Horizon, or the present lender, BONY, assigned contractual obligations to Nationstar as the loan servicer. In August 2011, Nationstar sent a "Notice of Assignment" to Plaintiff, which states:

> You are hereby notified that the servicing of your mortgage loan, that is, the right to collect payments from you, is being assigned, sold or transferred from FIRST HORIZON HOME LOANS to Nationstar Mortgage LLC, effective 08/15/2011. The assignment, sale or transfer of the servicing of the mortgage loan does not affect any term or condition of the mortgage instruments, other than terms directly related to servicing the loan.

(Doc. 30, at 4). This Notice of Assignment indicates Nationstar became the loan servicer for Plaintiff's mortgage; however, neither party has presented any other documentation to show that Defendant has any contractual obligations to Plaintiff. Subsequently, on May 24, 2013, First Horizon transferred Plaintiff's loan to BONY, (Doc. 27-4, at 2), while Nationstar continued to service Plaintiff's loan. Thus, BONY is the successor lender under the Deed of Trust and Nationstar is the loan servicer. As the loan servicer, Nationstar acts on behalf of BONY to collect payments on the loan; but lacking evidence of a contract creating legal obligations between Plaintiff and Nationstar, Nationstar is not in contractual privity with Plaintiff and therefore cannot be liable for breach of contract. *See, e.g., Edwards v. Ocwen Loan Serv.*, LLC, 24 F. Supp. 3d 21, 28 (D.D.C. 2014) (stating that a loan servicer, as lender's agent, has no contractual relationship or privity with borrower and therefore cannot be sued for breach of contract); *Perron v. JPMorgan Chase Bank, N.A.*, No. 12-CV-01853, 2014 WL 931897, at *4

(S.D. Ind. Mar. 10, 2014) ("Homeowners failed to cite to any case law, let alone Indiana case law, in which contractual privity between the borrower and the holder of a note was imputed to the loan servicer."); *James v. Litton Loan Servicing, L.P.*, No. 4:09-cv-147, 2011 WL 59737, at *11 (M.D. Ga. Jan. 4, 2011) ("As a loan servicer, Litton is not a party to or an assignee of the Note itself. In the absence of evidence of a contract between Plaintiffs and Litton, Plaintiff's breach of contract claim fails."); *Kehoe v. Aurora Loan Servs. LLC*, No. 10-cv-00256, 2010 WL 4286331, at *8 (D. Nev. Oct. 20, 2010) ("Plaintiffs assert that Aurora, as their loan servicer, assumed the duties of the lender under the deed of trust. . . . [T]he fact that Aurora serviced Plaintiff's loan does not create contractual privity between Aurora and the Plaintiffs.").

The Court finds that Plaintiff has failed to present evidence that Nationstar owed Plaintiff contractual obligations relating to his mortgage payments (Count I) or insurance coverage (Count II). As the loan servicer, Nationstar is not in contractual privity with Plaintiff. Thus, Plaintiff cannot maintain a claim for breach of contract against Defendants. Accordingly, Plaintiff is not entitled to summary judgment, and the Court grants Defendant's Motion for Summary Judgment on Counts I and II.

### B. Defamation (Count III)

The Court GRANTS Defendants' Motion for Summary Judgment on Count III because Plaintiff cannot carry his burden to establish that Defendant acted with "malice or a willful intent to injure," and therefore the defamation claim is preempted by the FCRA.

The FCRA, 15 U.S.C. § 1681 *et seq.*, is a comprehensive statutory scheme designed to encourage the full and accurate reporting of consumer credit information. *Ross v. Federal Deposit Insurance Corporation*, 625 F.3d 808, 812 (4th Cir. 2010). When the FCRA was first enacted, it permitted state regulation of the consumer reporting industry that was "consistent with

8

. . . the FCRA." *Ross*, 625 F.3d at 812-813. However, in 1996, Congress amended the FCRA to preempt certain state law causes of action against those who furnish, report, and use, consumer credit information. Section 1681h(e) provides:

> Except as provided in Section 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to Section 1681g, 1681h or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e). Therefore, a plaintiff's defamation cause of action is not preempted if (1) the claim is "based on section 1681g,[1] 1681h,[2] 1681m,[3] or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action," and (2) the defendant acted with "malice or willful intent to injure." *Ross*, 625 F.3d at 814; *see also Swecker v. Trans Union Corporation*, 31 F. Supp. 2d 536, 539 (E.D. Va. 1998) ("By its explicit terms, Section 1681h(e) preempts only defamation actions that do not allege malice or willfulness.").

Under Virginia law, a defendant acts with malice by making a communication with "such gross indifference and recklessness as to amount to a wanton or willful disregard of the rights of the plaintiff." *Southeastern Tidewater Opportunity Project, Inc. v. Bade*, 246 Va. 273 (Va. 1993) (internal citations omitted). If a defendant makes a statement believing that it is true, the defendant does not act with malice. *Jordan v. Kollman*, 269 Va. 569, 575 (Va. 2005) (internal

---

[1] Applying only to consumer reporting agencies.
[2] Applying only to consumer reporting agencies.
[3] Applying only to users of consumer reports.

citations omitted). Under federal law, a defendant acts with malice by furnishing consumer credit information "with knowledge that it was false or with reckless disregard of whether it was false or not." *Ross*, 625 F.3d at 815 (citing *New York Times Co. v. Sullivan*, 376 U.S. 254, 280 (1964)).

Here, Plaintiff contends that Defendants acted with malice in allegedly misreporting information concerning Plaintiff's mortgage payments to credit reporting agencies. Plaintiff argues that beginning on or about 2013, he told Nationstar "dozens of times" that they had failed to credit a payment to his account, thereby showing his account as delinquent; Nationstar "did nothing"; and Nationstar "knowingly, intentionally, and/ or recklessly continued to publish information that Plaintiff had not timely made the payment" and communicated the same to credit reporting agencies. (Doc. 30, at 7-8). Therefore, Plaintiff argues, Nationstar acted with malice under either Virginia law or federal law. (*Id.*).

However, Plaintiff's defamation claim fails as a matter of law because Plaintiff has offered no evidence to support the claim that Nationstar acted with malice. As the Fourth Circuit has observed, "establishing actual malice is no easy task, because the defamation plaintiff bears the burden of proof by clear and convincing evidence." *CACI Premier Tech. v. Rhodes*, 536 F.3d 280, 293 (4th Cir. 2008). To prove malice, Plaintiff must show that the "words were motivated by and spoken with 'some sinister or corrupt motive such as hatred, revenge, personal spite, ill will, or desire to injure the plaintiff; or . . . that the communication was made with such gross indifference and recklessness as to amount to a wanton or willful disregard of the rights of the plaintiff.'" *Jafari v. Old Dominion Transit Mgmt. Co.*, 913 F. Supp. 2d 217, 224 (E.D. Va. 2012) (citation omitted).

10

Here, Plaintiff presents his own letters and his own deposition testimony to in an attempt to establish that Nationstar was "on notice" that the information was "very likely false." (Doc. 30, at 8). He does not present any supporting information or continuing correspondence from Nationstar. Plaintiff carries the burden of demonstrating that Nationstar acted with malice, and he cannot rely only on his own statements. *See Jafari v. Old Dominion Transit Management Co.*, 913 F. Supp. 2d 217 (E.D. Va. 2012) (holding that a plaintiff must provide more that "unsupported, conclusory statements that [the defendant] acted with malice" to survive summary judgment). Because Plaintiff has not offered any evidence to show malice by Defendants, Plaintiff's defamation claim fails because it is preempted by the FCRA, 15 U.S.C. §1681h(e).

For the foregoing reasons, the Court grants Defendant's Motion for Summary Judgment on Count III.

## IV. CONCLUSION

The Court GRANTS Defendants' Motion for Summary Judgment on Count I and II, and DENIES Plaintiff's Motion for Summary Judgment on Count I and II, because the Court finds as a matter of law that the "Notice of Assignment" only assigned Defendants an obligation to service Plaintiff's mortgage loan and that Plaintiff has failed to present evidence of contractual obligations that could give rise to Defendants' liability for breach of contract under Plaintiff's claims. The Court GRANTS Defendants' Motion for Summary Judgment on Count III because Plaintiff cannot establish that Defendant acted with "malice or a willful intent to injure," and therefore the defamation claim is preempted by the FCRA. For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's Motion for Summary Judgment on Counts I and II (Doc. 25) is **DENIED**. It is

**FURTHER ORDERED** that Defendants' Motion for Summary Judgment on Counts I, II, and III (Doc. 26) is **GRANTED**.

**IT IS SO ORDERED.**

ENTERED this _18th_ day of December, 2015.

Alexandria, Virginia
12 /18 / 2015

                                                /s/
                                      Gerald Bruce Lee
                                      United States District Judge